UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Robert E. Jackson, #1076991,<br>*aka Robert Earl Jackson, formerly #176463,*<br><br>Plaintiff,<br><br>v.<br><br>Solicitor Irvin Maye; Probation Officer Kevin Reeder;<br>Counsel Lee Sturkey; McCormick County,<br><br>Defendants.<br>_____ | C/A No. 0:07-03433-HFF-BM<br><br>REPORT AND RECOMMENDATION |

Plaintiff, proceeding pro se, brings this action pursuant to 42 U.S.C. § 1983. Plaintiff previously brought an action against the Defendants Maye and Reeder, which arose generally out of the same facts. See *Jackson v. Chief Deputy Gable, et al.,* No. 0:05-2591-HFF (D.S.C. 2005). That case was dismissed at summary judgment.[1]

In this complaint, Plaintiff states that he "is resubmitting this civil action" against the Defendants in their individual capacity for violating his constitutional rights through false imprisonment, malicious prosecution, retaliation and further conspiratorial acts with the Public Defender and the Probation Officer. Plaintiff again names Maye and Reeder as party Defendants, as well as his public defender and the County where his judicial proceedings took place.

Under established local procedure in this judicial district, a careful review has been made of this *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915; 28 U.S.C.

---

[1]The Court may take judicial notice of proceedings had before it in a prior suit with the same parties. *Mann v. Peoples First Nat. Bank & Trust Co.*, 209 F.2d 570, 572 (4th Cir. 1954); *see Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) ("'[t]he most frequent use of judicial notice of ascertainable facts is in noticing the content of court records'").



§ 1915A; the Prison Litigation Reform Act, Pub. L. No. 104-134, 116 Stat. 1321 91996); and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Waden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983). This Court is required to liberally construe *pro se* documents, *Estelle v. Gamble*, 429 U.S. 97 (1976), holding them to a less stringent standard than those drafted by attorneys, *Hughes v. Rowe*, 449 U.S. 9 (1980). However, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

## Discussion

Plaintiff asserts a claim for damages under § 1983 based on the revocation of his probation by the Defendant Solicitor Maye, which Plaintiff alleges was aided and abetted through a conspiracy with the other Defendants. However, Plaintiff's claim for damages based on the revocation of his probation is barred by the holding in *Heck v. Humphrey*, 512 U.S. 477 (1994), in which the Supreme Court held that in order to recover damages for imprisonment in violation of the constitution, the imprisonment itself must first be successfully challenged. *Heck v. Humphrey*, 512 U.S. at 477.

> We hold that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm whose unlawfulness would render a conviction or sentence invalid, . . . a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence;



if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

*Id.* at 486-87.

Plaintiff fails to allege that the revocation of his probation has been reversed, expunged, declared invalid, or called into question by a federal court's issuance of a writ of habeas corpus. Therefore, a claim for damages based on the revocation of Plaintiff's probation is subject to dismissal because a right of action has not yet accrued. *See Jackson v. Vannoy*, 49 F.3d 175, 176 (5th Cir. 1995).

### **Recommendation**

Accordingly, it is recommended that the District Court dismiss the complaint in the above-captioned case *without prejudice* and without issuance and service of process. *See Denton v. Hernandez*, 504 U.S. at 25; *Neitzke v. Williams*, 490 U.S. at 319, 324-25; *Haines v. Kerner*, 404 U.S. at 519; *Brown v. Briscoe*, 998 F.2d 201, 202-04 & n.* (4th Cir. 1993); *Todd v. Baskerville*, 712 F.2d at 70; 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

Bristow Marchant
United States Magistrate Judge

November 1, 2007
Columbia, South Carolina

**Plaintiff's attention is directed to the important notice on the next page.**

3



### Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail.  Fed. R. Civ. P. 6(a) & (e).  Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

