

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | |
|---|---|
| ROBERT E. JACKSON,<br>　　　　Plaintiff,<br><br>vs.<br><br>SOLICITOR IRVIN MAYE; PROBATION<br>OFFICER KEVIN REEDER; COUNSEL<br>LEE STURKEY; MCCORMICK COUNTY,<br>　　　　Defendants. | §<br>§<br>§<br>§　　CIVIL ACTION NO. 0:07-3433-HFF-BM<br>§<br>§<br>§<br>§<br>§ |

## ORDER ADOPTING THE REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE AND DISMISSING THE CASE WITHOUT PREJUDICE AND WITHOUT ISSUANCE AND SERVICE OF PROCESS

This case was filed as a 42 U.S.C. § 1983 action. Plaintiff is proceeding pro se. The matter is before the Court for review of the Report and Recommendation (Report) of the United States Magistrate Judge suggesting that the Court dismiss this case without prejudice and without issuance and service of process. The Report was made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Magistrate Judge filed the Report on November 2, 2007, and the Clerk of Court entered Plaintiff's objections to the Report on November 16, 2007. The Court has reviewed Plaintiff's objection memorandum but finds the objections therein to be without merit.

Plaintiff objects to the Magistrate Judge's recommendation that Plaintiff's claim is barred by the holding in *Heck v. Humphrey*, 512 U.S. 477 (1994).[1] Plaintiff argues that his probation revocation on March 10, 2004, satisfies *Heck*'s requirement that the imprisonment itself be successfully challenged because Plaintiff contends that the revocation amounted to an expungement under *Heck*. The Court disagrees.

Plaintiff's probation was revoked because Plaintiff violated the terms of his probation. The revocation of Plaintiff's probation has not been reversed, expunged, declared invalid, or called into question by a federal court's issuance of a writ of habeas corpus. Therefore, as the Magistrate Judge found, Plaintiff's claim is barred by the holding in *Heck*.

After a thorough review of the Report, the objections thereto, and the record in this case pursuant to the standard set forth above, the Court overrules Plaintiff's objections, adopts the Report and incorporates it herein. Therefore, it is the judgment of this Court that the case be **DISMISSED** without prejudice and without issuance and service of process.

---

[1] In *Heck*, the Supreme Court held that,

> to recover damages for allegedly unconstitutional conviction or imprisonment, . . . a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.

*Heck*, 512 U.S. 477, 486-87.

**IT IS SO ORDERED**.

Signed this 15th day of August, 2008, in Spartanburg, South Carolina.

                                              s/ Henry F. Floyd
                                              HENRY F. FLOYD
                                              UNITED STATES DISTRICT JUDGE

*****
## NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this Order within 30 days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.